Predohl v. O'Sullivan.

---

HENRY C. PREDOHL ET AL. V. MARY O'SULLIVAN.

FILED NOVEMBER 23, 1899. No. 9,036.

1. Lien of Judgment for Costs: CRIMINAL LAW. By section 524 of the Criminal Code a judgment of the district court in favor of the state for costs is a lien on all real estate, within the county, owned by the accused at the time of docketing the cause.

2. ———: ASSIGNMENT: STATUTE OF LIMITATIONS. The statute of limitations begins to run against the assignee of a judgment in favor of the state from the time of the assignment.

3. ———: EXPIRATION. Such judgment becomes dormant and ceases to be a lien on real estate at the end of five years from the date of the assignment.

4. Executions: SALE OF REALTY: INJUNCTION. Injunction is the appropriate remedy to prevent an execution sale of land for the satisfaction of a judgment which is neither a lien on the property nor a personal charge against the owner.

ERROR from the district court of Cuming county. Tried below before EVANS, J. *Affirmed.*

*Fannie O'Linn,* for plaintiffs in error.

*P. M. Moodie, contra.*

SULLIVAN, J.

This was an action by Mary O'Sullivan against Predohl, Melcher and Phillips to enjoin an execution sale of certain Cuming county real estate of which the plaintiff claims to be the owner. The trial court overruled a general demurrer to the petition, and, defendants having failed to answer, judgment was rendered against them. The essential averments of the petition are as follows: That Daniel Crellin was convicted in the district court of Cuming county of the crime of manslaughter, and, on July 28, 1885, sentenced to imprisonment in the penitentiary, and to pay the costs of the prosecution, taxed at $646.33; that on the same day Jay D. Briggs, acting under a power of attorney from Crellin, conveyed to Edward K. Valentine the real estate in controversy; that on September 28, 1893, Valentine sold, and by deed of general warranty conveyed, said real estate to the plaintiff, who has ever since owned and occupied the same; that the judgment for costs in favor of the state was a valid lien on the tract in question, and an apparent lien on another tract in Cuming county; that the last mentioned tract was sold to the defendant Predohl by the sheriff to satisfy an execution issued on the state's judgment against Crellin; that this sale was confirmed and satisfaction of the judgment entered of record in the office of the clerk of the district court on October 8, 1885; that the land sold to Predohl did not belong to Crellin,

and was not subject to the lien of the state's judgment; that some time prior to 1890 a judgment was rendered against Predohl, quieting the owner's title to the property sold on execution; that in 1895, in proceedings to which the plaintiff herein was a stranger, Predohl obtained orders of the district court of Cuming county canceling the entry of satisfaction in the case of the state against Crellin, reviving the judgment in his own name, and for the issuance of process to sell the real estate purchased by the plaintiff of Edward K. Valentine. It is further alleged in the petition that the plaintiff was without notice that the judgment against Crellin was unpaid, and that she bought the land on the faith of an abstract of title showing that there were no judgment liens against it. It is also alleged that, through the agency of the defendants, the plaintiff's property is about to be sold to satisfy said judgment.

Notwithstanding the very able and ingenious arguments of the learned counsel for the defendants, we are persuaded that the trial court was right in overruling the demurrer to the petition and making the temporary injunction perpetual. By the provisions of section 524 of the Criminal Code the judgment in favor of the state for costs was a lien upon the real estate conveyed by Briggs to Valentine. It was not a lien upon the land sold under the execution, and consequently Predohl acquired no title by the sheriff's deed. His money, however, was rightfully received by the state, and properly applied to the satisfaction of its judgment. The rule of *caveat emptor* applied to the sale. The entry of satisfaction on the record terminated the state's interest in the judgment. It may be that the purchaser, having acquired no title to the property, became subrogated to the rights of the state. For the purposes of this decision we will assume that he did become, by operation of law, substituted for the judgment plaintiff. But it was by the fact of payment, and not by the order of the court, that he became the equitable assignee and owner of the

judgment. The order of subrogation was, at most, a judicial confirmation of a previously existing equitable right. See *Oliver v. Lansing*, 57 Nebr., 352, 77 N. W. Rep., 802. When Predohl became owner of the judgment the statute of limitations commenced, of course, to run against his right to enforce it by execution. At the expiration of five years the right was barred, the lien upon plaintiff's land became extinguished, and the court was powerless to restore it by an order of revivor. See Code of Civil Procedure, sec. 482; *Flagg v. Flagg*, 39 Nebr., 229. Another reason why the judgment of the district court should be affirmed is this: Mrs. O'Sullivan took her conveyance on the faith of the record, which declared that there were no unpaid judgment liens against the property; and her equities are, therefore, superior to those of a party seeking to enforce a secret lien. Subrogation being a doctrine of equitable origin, its operation is always controlled by equitable considerations. See 3 Pomeroy, Equity Jurisprudence [1st ed.], sec. 1419.

It is suggested that the plaintiff has an action against Valentine on the covenants of warranty contained in his deed, and that she may also sue the abstracter for making a false certificate, and thus obtain, by legal remedies, indemnity for the loss of her land. We think it entirely clear that the plaintiff, under the facts disclosed, was entitled to the relief awarded by the district court. Since the judgment to which Predohl became subrogated was not a lien on the plaintiff's land, the only effect of the execution sale would be to cloud her title. The judgment of the district court is right, and is

AFFIRMED.