# CASES DETERMINED

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1909.

---

PETER FREDERICK, APPELLANT, v. MARY ANN BUCKMIN-
STER ET AL., APPELLEES.

FILED JANUARY 9, 1909. No. 15,420.

1. Pleading: CONSTRUCTION ON APPEAL. Where a party fails to test
the sufficiency of a pleading by demurrer or otherwise, and pro-
ceeds to trial on the merits on the theory that it tenders a cer-
tain issue, which is litigated and submitted to the jury, if by any
reasonable construction of the language the pleading can be con-
strued to raise such issue, it will be held to do so.

2. Answer examined, its substance stated in the opinion, and *held*
sufficient to sustain the verdict and judgment.

3. Judgment: INDEFINITENESS: REVIEW. Indefiniteness is not a ground
for the reversal of a judgment. If it is too indefinite to be en-
forced, the party complaining is not affected thereby, and, if it
is desired to make it more definite and certain, application should
be made for that purpose to the court where it was rendered.

APPEAL from the district court for Richardson county:
WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*R. C. James* and *Reavis & Reavis,* for appellant.

*Edwin Falloon* and *C. Gillespie, contra.*

BARNES, J.

The appellant, who will hereafter be called the plain-
tiff, commenced this action in the district court for Rich-

ardson county to restrain the defendants and appellees from opening, tearing down and leaving open the gates placed by him on what he alleges were certain private roads over and across his farm situated in said county. The petition is too voluminous to be set forth in this opinion. It is sufficient to say of it that although it is somewhat informal, and while perhaps it may have been open to attack by motion or demurrer, it was treated in the court below as sufficient to state a cause of action. Defendants' answer alleged, among other things, that in 1856 there was laid out and established the town site of St. Stephen situated upon the lands described in the plaintiff's petition; that defendant Mary Ann Buckminster bought certain lots in said town site, according to the plat thereof, which appear to be sufficient in number to comprise several acres of land; that some years thereafter the town site of St. Stephen was abandoned; but defendant alleged that she took possession of the land purchased by her, as aforesaid, made the same her permanent home, and that she now resides thereon. The answer admitted that the plaintiff purchased the land described in his petition, which surrounds the lots or tract of land now owned and occupied as a home by the above named defendant. It was further alleged in the answer that at the time the defendant purchased the lots in question, and made the same her permanent home and long prior to that time, there had existed a well-traveled road from her house across the premises of the plaintiff to, and connecting with, the public roads of said county; that said road had been used continuously and uninterruptedly by the public generally and the plaintiff since the year 1856, and has been so used by her for more than 20 years; that just before the commencement of this action the plaintiff erected and maintained certain gates, with locks thereon, across said last named public road, and attempted to permanently close the same and thus deprived the defendant of any means of ingress or egress from her home to the other public roads of said county; that the trespass complained

of in plaintiff's petition consisted of opening and removing the gates so erected by the plaintiff, which acts the defendants averred they had a good and perfect right to do.* The answer concluded with a prayer that the said last named road be found and declared to be a public road, and that the plaintiff be forever enjoined from closing up said road or in any manner obstructing the same, together with a prayer for general affirmative relief. The pleading, although somewhat defective in form, was treated by plaintiff and his counsel as a sufficient answer to the petition, and as a defense thereto. It was so treated by the trial court; and the plaintiff during the progress of the litigation was required to file a reply thereto instanter. Whether such reply was filed or not we are unable to state, on account of the imperfect condition of the transcript which has been lodged in this court. It appears that, when the cause came on for trial, a jury was impaneled to determine the issue of fact thus presented. This procedure was not questioned, but was acquiesced in by all parties to the action. After a protracted trial, a verdict was returned for defendants by which it was found that the road described in defendants' answer was a public highway. Judgment was rendered on the verdict, and a journal entry thereof prepared, which was signed by the presiding judge, but for some reason was not filed and recorded for a considerable time thereafter. Within six months from and after the recording of the decree, plaintiff employed his present counsel, who filed a motion for judgment on the pleadings *non obstante veredicto*. The motion was overruled, and the plaintiff thereupon appealed from said ruling and the decree above mentioned to this court.

Appellant's main contention now is that the defendants' answer stated no defense to the cause of action set forth in his petition, and for that reason he was entitled to a judgment on the pleadings, notwithstanding the verdict and decree. In cases where the state of the pleadings and the previous conduct of the parties justifies it such a mo-

tion may be sustained; but, where a pleading has been treated as sufficient by the court and all of the parties to the action, and no objection has been made to it until after verdict and judgment, it will be liberally construed, and, if possible, will be held sufficient to sustain the judgment, as we shall presently see. It is true that the answer in this case contained no general denial, but its affirmative allegations were sufficient to charge that the *locus in quo* was a public highway or public road, and justify the defendants' acts in removing the plaintiff's gates therefrom. This was in effect a denial of the cause of action set forth in plaintiff's petition and such facts, if true, constituted a defense thereto. It was so treated by both parties to the action, as well as by the trial court, until after verdict and judgment.

In *Western Travelers Accident Ass'n v. Tomson,* 72 Neb. 674, it was said: "No attack was made upon the petition by motion or otherwise, and it is the settled rule of this court, sanctioned by decisions so numerous that citation of them is not requisite, that, after a verdict and judgment, pleadings will be liberally construed for the purpose of upholding the result reached by the court and jury." In *Parkins v. Missouri P. R. Co.,* 76 Neb. 242, it was held that "where a party fails to test the sufficiency of a petition by demurrer, but answers to the merits and proceeds to trial on the theory that it tenders a certain issue, which is litigated and submitted to the jury, if by any reasonable construction of the language the pleadings can be construed to raise such issue, they will be held to do so." In *National Fire Ins. Co. v. Eastern Building & Loan Ass'n,* 63 Neb. 698, it was held that, where from the nature of the answer and testimony it appears that both parties have placed the same construction on a petition, the court should not ignore such construction in passing upon a demurrer *ore tenus,* even though the petition, standing alone, might not admit of such construction. In *Bennett v. Bennett,* 65 Neb. 432, where evidence had been adduced in support of the allegations of a petition without

objections, and judgment had been rendered thereon, it was held that the pleading would be liberally construed, and that indefiniteness would not be considered.    In *Doering v. Kohout*, 2 Neb. (Unof.) 436, it was decided that, if the plaintiff accepts an answer as stating a defense, he cannot for the first time in the supreme court challenge its sufficiency.    Indeed, this rule is so well established that no further citations are required to support it.

The plaintiff having treated the defendants' answer as sufficient and as stating a good defense to the matters set forth in his petition, until after verdict and judgment against him, he will not now be heard to question its sufficiency, if by any reasonable or liberal construction it can be held sufficient to support the judgment.    For the reasons above stated, we think it sufficient for that purpose, and therefore the plaintiff's contention must fail.

The plaintiff's second assignment is that the judgment or decree is indefinite, and therefore must be reversed and set aside.    We are not convinced that this objection is well founded.    It is true that the plaintiff in his petition mentioned three private roads upon which he claimed he had erected gates or bars, and that the defendants had unlawfully opened, removed and destroyed the same.    The defendants answered, justifying the removal of the plaintiff's gates upon one road only, which was described and alleged to be a public road leading from the defendants' place of residence to the other public roads of Richardson county.    The verdict of the jury declared the road described in the defendants' answer to be a public highway, and the decree, responding to the terms of the verdict, granted the defendants affirmative relief in relation to that road.    So we are unable to say that the decree is open to the objection of indefiniteness.    If, however, plaintiff's contention be true, we are not certain that this is a sufficient ground for a reversal of the judgment.    If the decree is so indefinite that it cannot be enforced, surely the plaintiff is not prejudiced thereby, because an attempt

to enforce it could be successfully resisted by him. If, on the other hand, it is desired by either party that the judgment should be more definite and certain in its terms, the the proper practice would be to file a motion in the district court to correct it in that respect.

For the foregoing reasons, we are of opinion that the record contains no reversible error, and the judgment of the district court is therefore

AFFIRMED.

DEAN, J., not sitting.