FRANK A. SUCHA, APPELLANT, V. JOHN C. SPRECHER, APPELLEE.

FILED APRIL 24, 1909.    No. 15,668.

1. **Libel:** AMBIGUOUS LANGUAGE: QUESTION FOR JURY. In civil actions for libel, the court usually decides whether the words are actionable *per se*, but where they are ambiguous or are susceptible to two interpretations, and there is any reasonable doubt as to their true construction, it is for the jury to say what meaning such words would have fairly conveyed to their minds.

2. **Pleading:** CONSTRUCTION ON APPEAL. Where an answer is not attacked either by motion or demurrer, but is treated by the plain-

19

tiff as sufficient, and a trial is had without objection on the issues raised thereby, it cannot be successfully attacked for the first time on appeal to the supreme court.

3. **Evidence** examined, and found sufficient to sustain the judgment of the district court.

APPEAL from the district court for Colfax county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*George W. Wertz* and *Frank Dolezal,* for appellant.

*W. M. Cain,* contra.

BARNES, J.

The plaintiff Frank A. Sucha brought this action in the district court for Colfax county to recover damages which he claims to have suffered by the publication of an alleged libelous article in defendant's newspaper.

It appears that the plaintiff was the clerk of the district court for Colfax county, and on or about the 25th day of April, 1907, the defendant wrote and published in his newspaper, called "The Free Lance," of and concerning the plaintiff, the article complained of, which, on account of its length, will not be quoted in this opinion. It is sufficient to say that it set forth the facts that the jury for the May, 1907, term of the district court had been selected; that the board of county commissioners had furnished to the plaintiff the names of 60 electors and taxpayers, from which he as clerk of the district court, together with the sheriff of the county, was required to draw the names of the 20 persons who should constitute the jury; that the plaintiff was unfriendly to defendant; that such drawing had been made, and the result thereof was set forth. The article then stated that it was peculiar and remarkable that none of the defendant's friends, naming them, were selected, and that so many of his enemies, also naming them, were drawn; that defendant had three cases pending for trial, and was therefore interested in the selection of the jury, and concluded with

a statement that it was a remarkable drawing, but that the jury were a list of good men and so the defendant did not care.  By the use of scienter and innuendo the petition based on said publication was made to state a cause of action, and the defendant was required to answer.  His defense consisted of an admission of the publication of the article, an allegation that it was true, and a denial of all of the allegations of the petition not expressly admitted.  Upon the issues thus joined a trial was had, and at the conclusion of the evidence the plaintiff requested the court to instruct the jury that the publication in question was libelous *per se,* and to find a verdict for the plaintiff for at least some amount.  The request was refused, and the court in paragraph 4 of his own instructions allowed the jury to determine whether the article, by giving its language a fair, ordinary and reasonable construction, would be understood by the ordinary reader as charging or intending to charge the plaintiff with official misconduct or misconduct in office.  The jury returned a verdict for the defendant, and the plaintiff has brought the case here by appeal.

Appellant's first contention is that the court erred in refusing to instruct the jury that the article in question was libelous *per se.*  It was conceded on the argument that the language of the publication in question is susceptible of two interpretations, one of which would not render it libelous *per se.*  This being so, its nature and effect, considered in the light of the evidence, was properly submitted to the jury.  Odgers, Libel and Slander, pp. *105, *106 and *108.

It is further contended that the answer was insufficient to constitute a defense, and therefore the instruction to find for the plaintiff should have been given.  It appears from the record that plaintiff's counsel at all times treated the answer as sufficient.  It was not attacked either by motion or demurrer, and a trial was had without objection on the issues raised thereby.  In such cases we have frequently held that the sufficiency of an answer

cannot be successfully attacked for the first time in this court, and, where it has been treated as sufficient in the trial court, it will be so treated on appeal by this court. *Frederick v. Buckminster*, 83 Neb. 135; *Doering v. Kohout*, 2 Neb. (Unof.) 436.

Finally, it is contended that the evidence is not sufficient to sustain the verdict. We have read the bill of exceptions, and are satisfied that the evidence fully justifies the verdict and sustains the judgment.

Finding no reversible error in the record, the judgment of the district court is

AFFIRMED.