VERN CHRISTOPHERSON, APPELLANT, v ARDYTHE CHRISTOPHERSON, ALSO KNOWN AS ARDYTHE AMBROSIA, APPELLEE.

129 N. W. 2d 113

Filed June 19, 1964. No. 35692.

Crawford, Garvey, Comstock & Nye and James R. McGreevy, for appellant.

George O. Kanouff, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is a habeas corpus action involving the custody of a 4-year-old child. The relator and appellant, Vern Christopherson, hereinafter referred to as appellant, filed a petition in the district court for Douglas County against Ardythe Christopherson, also known as Ardythe Ambrosia, respondent and appellee, hereinafter referred to as appellee, to regain the custody of the child. The petition alleged in substance that the child is the son of the parties; that said parties have lived in Douglas County since the child's birth; that appellee unlawfully took the custody of the child from the appellant and unlawfully detains said child; and that for the best interests and welfare of the said child it should be returned to the custody of the appellant.

A writ was granted. The appellee was given the temporary custody of the child and was given 1 week to plead. The appellee then filed a pleading titled "De-

murrer and Motion to Dismiss." This pleading alleged that the petition failed to state a cause of action and that the court did not have jurisdiction. It then alleged that the parties are not husband and wife, never having entered into a marriage ceremony; that the court had no jurisdiction to determine the paternity of the child in this proceeding; that appellant came into court with unclean hands; and that the written acknowledgment of paternity contained in the petition did not constitute a cause of action because appellee has never admitted that appellant is the father of the child.

The trial court sustained the pleading without specifying the ground for the ruling. Appellant has perfected an appeal to this court.

One of the difficulties in this case is that the appellee is attempting to use pleadings not authorized in this jurisdiction. In some jurisdictions, appellees's pleading might be considered a speaking demurrer, which is not recognized in Nebraska. Section 25-806, R. R. S. 1943, specifies the grounds for demurrer in Nebraska. It is to be noted that the section states: "The defendant may demur to the petition only when it appears on its face * * * *."

For purposes of discussion, we will consider the first paragraph of appellee's pleading as a general demurrer. When we do so, we must review the record in the light of the well-established rule that a general demurrer admits all allegations of fact in the pleading to which it is addressed which are issuable, relevant, material, and well pleaded, but does not admit the pleader's conclusions of law or fact. See Wiborg v. City of Norfolk, 176 Neb. 825, 127 N. W. 2d 499.

The petition alleges that the child is the son of appellant; that appellant has been unlawfully deprived of its custody; and that the best interests of the child require it to remain in his custody. For the purpose of testing the demurrer, we assume these allegations to be true.

Appellee, by demurrer, also attacks the jurisdiction

of the court. Again, for the purpose of testing the demurrer, we assume the appellant to be the father of the child. The attempt to inject an issue of paternity by demurrer is not proper procedure in Nebraska. The question of jurisdiction then is narrowed to the subject matter of the action. There is no question but that habeas corpus is a proper proceeding to determine the right to the custody of a minor child. See In re Application of Schwartzkopf, 149 Neb. 460, 31 N. W. 2d 294. Testing the petition for the purposes of the demurrer, this clearly is a habeas corpus proceeding involving the custody of a child.

In passing, we might observe that even if we could consider some of the issues appellee is trying to raise, we call attention to the following rule enunciated in In re Application of Schwartzkopf, *supra:* "Ordinarily, the basis for the issuance of a writ of habeas corpus is an illegal detention, but in the case of a writ sued out for the detention of a child, the law is concerned not so much about the illegality of the detention as about the welfare of the child."

We observe that appellee's pleading, considered as a motion to dismiss when addressed solely to a petition, is not a recognized pleading in this jurisdiction. Appellee is attempting to raise mere unverified allegations to the dignity of evidence and by this means to deprive appellant of his day in court. The issue of paternity cannot be injected into this case by a motion to dismiss. Our Code of Civil Procedure covers the proper pleading procedures in this jurisdiction. To avoid unnecessary costs and delays, litigants should confine themselves to those pleadings and procedures approved in this jurisdiction.

The appellee's pleading should have been overruled. For the reasons given, the judgment of the trial court is reversed and the cause is remanded for further proceedings, consistent with this opinion.

REVERSED AND REMANDED.