HAROLD SYROVATKA AND TIMOTHY SYROVATKA, MINORS, EX REL. THEIR PARENTS AND NEXT FRIENDS, LAWRENCE J. SYROVATKA AND LORRAINE A. SYROVATKA, APPELLANTS, v. LAWRENCE L. GRAHAM, DIRECTOR, STATE DEPARTMENT OF PUBLIC WELFARE, APPELLEE.

208 N. W. 2d 281

Filed June 15, 1973. No. 38835.

Phillips & Murphy, for appellants.

Clarence A. H. Meyer, Attorney General, and E. D. Warnsholz, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is a habeas corpus action attacking an order of commitment of two minor children. Plaintiffs appeal from the dismissal of their petition. We affirm.

The two children were committed on January 4, 1967, into the permanent custody of the State of Nebraska Department of Public Welfare by an order of the Saunders county court. With the consent of the Department of Public Welfare, they were adopted on October 2, 1968, pursuant to an order of a Nebraska county court.

The petition for habeas corpus was filed March 6, 1972. It alleged the 1967 commitment was void for want of notice to petitioners. That order recites: "Present in court are Laurence Syrovatka and Lorraine Syrovatka, father and mother of the above named minor children." This action is a collateral attack on the jurisdiction to enter the order.

From November 29, 1966, to March 10, 1967, Lawrence Syrovatka was confined in the county jail of Saunders county, charged with statutory rape. He was represented by counsel. He now alleges that he did not consult

counsel relative to the juvenile proceedings pending at that time in the county court of Saunders county. Lorraine Syrovatka was confined in the county jail of Saunders county from November 29, 1966, to approximately December 17, 1966. They both admit they were in county court on some juvenile hearing, but contend that they only signed a paper for temporary custody of the children.

Mrs. Syrovatka testified that she first became aware the children had been taken away sometime in 1967. She later received a letter from the Department of Public Welfare advising that the children had been adopted. Mr. Syrovatka testified the first time he became aware that the children had been adopted was in November of 1969. A photocopy of a letter from the Department of Public Welfare, dated December 30, 1968, which the Syrovatkas admit receiving, advised them their children had been placed and adopted.

The writ was properly refused. There is no merit to the Syrovatkas' contention. The record imports verity. The question of jurisdiction can be attacked only by clear and convincing evidence. It is quite obvious from the record that the Syrovatkas were utterly confused as to which hearings had been held, where, and when. Their evidence falls far short of meeting the test of clear and convincing. Our review of the record supports the conclusion that when Judge Edstrom, in his order of January 4, 1967, found Lawrence Syrovatka and Lorraine Syrovatka present in court, they, in fact, were present in court.

The order of commitment was entered 5 years and 2 months before the filing of the petition herein. The adoption had been completed for 3 years and 5 months before its filing. Viewing the testimony of the plaintiffs in its most favorable light, they must have known for approximately 5 years that their children had been taken from them. In any event, they knew their children had been placed and adopted for more than 3

years before they filed their petition. Considering the welfare of the children they have not seen for more than 5 years, plaintiffs would be barred by laches even if there were more merit to their present contention.

We said in Christopherson v. Christopherson (1964), 177 Neb. 414, 129 N. W. 2d 113: "Ordinarily, the basis for the issuance of a writ of habeas corpus is an illegal detention, but in the case of a writ sued out for the detention of a child, the law is concerned not so much about the illegality of the detention as about the wel- fare of the child."

Plaintiffs here are attacking the validity of the commitment to the Department of Public Welfare for placement and adoption, and only inferentially the decree of adoption. They had known of the adoption at least since late December 1968. Section 43-116, R. R. S. 1943, provides, so far as material herein: "When any county court in the State of Nebraska shall * * * hereafter enter of record such a decree of adoption, it shall in like manner be conclusively presumed that said adoption and all instruments and proceedings in connection therewith are valid in all respects notwithstanding some defect or defects may appear on the face of the record, or the absence of any record of such court, unless an action is brought within two years from the entry of such decree of adoption attacking its validity."

An adoption proceeding determines more than the custody of the adopted children. Section 43-110, R. R. S. 1943, provides: "After a decree of adoption is entered, the usual relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person or persons adopting such child and his, her or their kindred."

For more than 5 years Timothy and Harold Syrovatka have been in their adopted home. Their natural parents, after this lapse of time, would in effect be virtual strangers to them. To disturb the present relationship

at this late date would be a cruel travesty on justice.

The petition was properly dismissed. The judgment of dismissal is affirmed.

AFFIRMED.