LAMMERS LAND AND CATTLE COMPANY, INC., A
NEBRASKA CORPORATION, APPELLANT, V. GERALD HANS
ET AL., APPELLEES.

328 N.W.2d 759

Filed January 7, 1983. No. 44494.

John Thomas of Thomas & Peebles, for appellant.

Robert G. Scoville of Ryan & Scoville, for appel-lees.

BOSLAUGH, MCCOWN, CLINTON, and WHITE, JJ., and BRODKEY, J., Retired.

CLINTON, J.

This is an action brought in the District Court for Cedar County by Lammers Land and Cattle Company, Inc., to quiet title to 80 acres of land in Cedar County which we will refer to hereafter as "Blackacre." The petition alleged that plaintiff was the owner of Blackacre by virtue of a quitclaim deed from Jerome Lammers dated April 1, 1969, and had been in continuous, notorious, exclusive, and adverse possession of Blackacre since that time except as otherwise alleged in the petition.

We summarize the petition, omitting those matters we deem not necessary to a determination of the issues made on the appeal. The petition alleges that the defendants Mark Hans and Cynthia Hans claim title by virtue of two deeds from the personal representatives of the estates of Mary Lammers and Ignatz Lammers, respectively, and that the above deeds are void because the personal representatives of the two estates acquired their purported titles at execution sales pursuant to judgments which had become dormant by lapse of time. The judgments are identified in the petition as having been entered in case Nos. 5986 and 6017 in the District Court for Cedar County. The petition also alleges that a decree of the District Court for Cedar County in case No. 6147, wherein the above-described conveyance from Jerome Lammers to the plaintiff, Lammers Land and Cattle Company, Inc., was declared null and void as being a fraudulent conveyance to avoid the claims of creditors, was itself void because the underlying judgment lien was dormant at the time the decree was entered.

The defendants Hans and others filed a motion to strike the petition. The substantive portions of the

motion to strike the petition were as follows: "[M]ove the Court to strike the Petition of the Plaintiff herein for the reason that same is a collateral attack on the judgment of this Court in Case No. 6147, the judgment of this Court confirming the sale of the real estate herein involved in Case No. 6017 and in Case No. 5986 in this Court and is a further collateral attack upon the orders of sale of said real estate and the final decrees entered in the Estate of Mary Lammers, deceased, Probate No. 3667 and the Estate of Ignatz A. Lammers, deceased, Probate No. 3931 in the County Court of Cedar County, Nebraska."

The trial court granted the motion to strike and the plaintiff has appealed to this court, making various assignments of error which we restate in the form of issues: (1) May a motion to strike be used to raise the merits of the cause pleaded? (2) Will a dormant judgment support a petition for a creditor's bill or a petition to set aside a conveyance in fraud of creditors? (3) Is a conveyance in fraud of creditors wholly void or is it good as between the parties subject only to the creditor's lien? (4) What is the legal effect of an execution sale of real estate based upon a dormant judgment?

The very brief (except for exhibits) bill of exceptions contains the offer of the defendants' attorney of the court file in case Nos. 6017, 6147, and 5986 from the District Court for Cedar County as well as the court files in the county court of Cedar County containing the proceedings in the estates of Mary Lammers and Ignatz Lammers, respectively. The plaintiff made no objection to the offer of these exhibits which were received in evidence and considered by the court in its ruling on the motion. The plaintiff offered no evidence.

The nature of the issues presented on appeal requires that we first examine the question raised by the use of the "motion to strike." At common law, a motion to strike could be used for many purposes,

including raising the merits of the plaintiff's cause. 71 C.J.S. *Pleading* §§ 450 et seq. (1951). Under our statutory rules of pleading, the purposes of a motion to strike are much more limited. Pleadings pertaining to the substance of the cause or defense are prescribed. "The pleadings are the written statements by the parties of the facts constituting their respective claims and defenses." Neb. Rev. Stat. § 25-801 (Reissue 1979). "The rules of pleading formerly existing in civil actions are abolished and hereafter the forms of pleading in civil actions in courts of record, and the rules by which their sufficiency may be determined, are those prescribed by this code." Neb. Rev. Stat. § 25-802 (Reissue 1979). "The only pleadings allowed are (1) the petition by the plaintiff; (2) the answer or demurrer by the defendant; (3) the demurrer or reply by the plaintiff; and (4) the demurrer to the reply by the defendant." Neb. Rev. Stat. § 25-803 (Reissue 1979). In *Christopherson v. Christopherson,* 177 Neb. 414, 129 N.W.2d 113 (1964), we held that the code of civil procedure covers the proper pleadings in this jurisdiction and that litigants should confine themselves to those pleadings and procedures approved in this jurisdiction. However, defects in pleadings may be waived by failure to make timely objection or raise the objection in an appropriate manner. *Frederick v. Buckminster,* 83 Neb. 135, 119 N.W. 228 (1909) (failure to file demurrer); *Professional Collection Service v. Coble,* 200 Neb. 683, 264 N.W.2d 686 (1978) (failure to object to error in caption); *Gilbert v. Vogler,* 197 Neb. 454, 249 N.W.2d 729 (1977) (failure to move to make the petition more definite and certain).

Both the petition and the "motion to strike" consist largely of legal and factual conclusions. It is apparent that by the motion the defendants sought to plead an affirmative defense of res judicata. In support of that defense the defendants offered the court files previously identified in this opinion. To

each offer the plaintiff stated no objection. The plaintiff then raised the question of whether the issues had been made in a proper manner, that is, by treating the motion to strike as a motion to dismiss. However, both parties proceeded to argue the merits of the issues raised, including plaintiff's claim of dormant judgments and plaintiff's claim of the court's lack of "jurisdiction" to enter a judgment setting aside the conveyance as fraudulent.

We find and hold that by failure to object to the introduction of evidence in support of the motion, the plaintiff waived objections to the form of the "pleadings," as well as to the conclusional nature of its allegations. "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Neb. Rev. Stat. § 25-853 (Reissue 1979).

We, therefore, proceed to examine the legal sufficiency of the evidence supporting the court's judgment. From the evidence introduced, the court could find the following facts. Ignatz Lammers conveyed Blackacre to his son, Jerome, reserving a life estate in himself. On April 1, 1969, Jerome Lammers, by quitclaim deed, conveyed Blackacre to the plaintiff corporation. Ignatz Lammers thereafter died on December 4, 1969.

In case No. 6017, the personal representative of the estate of Mary Lammers (decedent being the mother of Jerome Lammers and the wife of Ignatz Lammers), on May 22, 1969, obtained a judgment in the District Court for Cedar County, Nebraska, against Jerome Lammers upon a promissory note. This case was appealed to this court and affirmed May 22, 1975. *Becker v. Lammers,* 193 Neb. 839, 229 N.W.2d 557 (1975).

On May 22, 1969, in case No. 5986, Ignatz Lammers obtained a judgment upon a petition which alleged that Jerome Lammers was in possession of certain

land under a contract of purchase and that he was in default, had abandoned the contract and thereafter remained in possession as a tenant, and had failed to account for rents and profits. In that case Ignatz Lammers had obtained a judgment against Jerome Lammers in the sum of $22,929.04. This case was appealed to this court and on May 22, 1975, the judgment was affirmed. *Lammers v. Lammers,* 193 Neb. 836, 229 N.W.2d 555 (1975). June 19, 1969, was the date of the last execution issued in either of the above cases. Immediately after that execution was returned unsatisfied, the personal representative of Mary Lammers' estate brought an action, case No. 6147, to set aside the conveyance of April 1, 1969, as being in fraud of creditors. A judgment setting aside the conveyance and holding it for "naught" was entered November 17, 1977. There apparently was no appeal from that judgment.

Orders of revivor of the two monetary judgments had been entered on December 21, 1978. Thereafter, the sheriff levied upon Blackacre in case Nos. 6017 and 5986, and sold it at a sheriff's sale. The personal representatives of Ignatz Lammers' estate purchased, on behalf of the estate, a three-fifths interest, and the personal representative of Mary Lammers' estate purchased a two-fifths interest therein. The total purchase price was $71,600, being apparently the total amount accumulated on both judgments. Consequently, no equity remained for distribution to either the plaintiff or Jerome Lammers. Jerome Lammers appeared in the confirmation proceeding and objected to confirmation. The court confirmed the sale on June 20, 1979, and on July 25, 1979, the sheriff conveyed Blackacre to the personal representatives of the two estates in the interests previously described. There was no appeal from the orders of revivor or from the order of confirmation.

Two principles of law underlie plaintiff's argument on the merits. The first is that a decree in a

creditor's bill for an action to set aside a conveyance as in fraud of creditors is *void* when the creditor relies upon a judgment which has become dormant before the decree is entered, even though the action was commenced before the judgment became dormant. The plaintiff cites several Nebraska cases which clearly hold that as a general rule a dormant judgment cannot support a creditor's bill. *Flagg v. Flagg,* 39 Neb. 229, 58 N.W. 109 (1894); *Johnson v. Parrotte,* 46 Neb. 51, 64 N.W. 363 (1895); *Cotton v. First Nat. Bank of Superior,* 51 Neb. 751, 71 N.W. 711 (1897); *Predohl v. O'Sullivan,* 59 Neb. 311, 80 N.W. 903 (1899); *Halmes v. Dovey,* 64 Neb. 122, 89 N.W. 631 (1902); *Bank of Miller v. Moore,* 98 Neb. 843, 154 N.W. 731 (1915); *Fisher v. Woodard,* 103 Neb. 253, 170 N.W. 907 (1919); *Rich v. Cooper,* 136 Neb. 463, 286 N.W. 383 (1939). However, in each of the cases cited, the court overturned the judgment in the creditor's bill action on direct appeal; none of the cases cited hold that the judgment is void and thus subject to collateral attack. The rule is that a judgment which is not void is not subject to collateral attack, but a void judgment may be attacked at any time in any proceeding. *Stanton v. Stanton,* 146 Neb. 71, 18 N.W.2d 654 (1945); *Drainage District No. 1 v. Village of Hershey,* 139 Neb. 205, 296 N.W. 879 (1941).

In case No. 6147, the District Court had subject matter jurisdiction and jurisdiction of the parties. Its judgment may have been erroneous because of the dormancy of the underlying judgment; however, it was not void and there was no appeal from that judgment. It therefore bound the parties.

The second legal principle upon which the plaintiff relies is that under the provisions of Neb. Rev. Stat. § 36-401 (Reissue 1978) (since repealed and replaced by the Uniform Fraudulent Conveyance Act, Neb. Rev. Stat. §§ 36-601 et seq. (Cum. Supp. 1982), effective July 19, 1980), the conveyance sought to be set aside is good as between the parties and subject only

to the lien of the creditor who attacks it. Our cases so hold. *United States Nat. Bank of Omaha v. Rupe,* 207 Neb. 131, 296 N.W.2d 474 (1980). Plaintiff asserts that in case No. 6147 the only attacking creditor was Mary Lammers' estate; therefore, the conveyance is good as against the other creditor here involved, Ignatz Lammers' estate. If we accept the plaintiff's premise, the sale to the personal representative of Mary Lammers' estate is still good.

However, even as to the sale to Ignatz Lammers' representatives, the plaintiff must overcome another hurdle which is applicable to both creditors. A sale of real estate to satisfy a dormant judgment is, as to the judgment debtor, voidable only and cannot be attacked in collateral proceedings. *Link v. Connell,* 48 Neb. 574, 67 N.W. 475 (1896); *Harvey v. Godding,* 77 Neb. 289, 109 N.W. 220 (1906); *Becker v. Linton,* 80 Neb. 655, 114 N.W. 928 (1908). It is void as to one who has acquired title from the judgment debtor for consideration before the reviving execution is issued. *Harvey v. Godding, supra.* When the judgment becomes dormant, the lien is lost as to the judgment debtor's grantee and is not revived by the new execution. *Harvey v. Godding, supra;* Neb. Rev. Stat. §§ 25-1515, 25-1305 (Reissue 1979).

Thus, we reach the question of whether the plaintiff can collaterally attack the sale to the personal representatives of Ignatz Lammers' estate. We hold that it cannot. The conveyance which was set aside in case No. 6147 is the same conveyance upon which the plaintiff relies to assert its right to quiet title as against the sale to Mary Lammers' estate. Principles of collateral estoppel apply. Plaintiff was not an innocent purchaser for consideration, as the judgment in the action to set aside the fraudulent conveyance shows. The District Court properly held that the defense of res judicata was applicable and effective.

AFFIRMED.