School District D v. School District No. 80.

---

SCHOOL DISTRICT D, APPELLANT, v. SCHOOL DISTRICT No. 80 ET AL., APPELLEES: SCHOOL DISTRICT I OF DAWES COUNTY, APPELLANT.

FILED DECEMBER 29, 1924.   No. 24128.

1. Judgment: CONCLUSIVENESS. A party to a lawsuit in the district court, where such court has jurisdiction over the person and subject-matter, will be bound by the judgment rendered in such case when collaterally attacking it, even though such judgment was irregularly or erroneously entered.

2. ———: ———. If the trial court properly acquires jurisdiction, "it has the right to decide every question which arises in the case, and its orders and judgments, however erroneous, cannot be collaterally assailed. Such errors can only be taken

advantage of by proceedings in error or appeal to this court." *Fraaman v. Fraaman*, 64 Neb. 472.

3. ———: RES JUDICATA. A judgment acts as an absolute bar to a subsequent action based upon the same contentions, not only as to every matter offered to sustain or defeat said contentions, but also as to any other admissible matter which might have been offered for that purpose.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*G. T. H. Babcock, F. S. Baird, E. D. Crites* and *F. A. Crites,* for appellants.

*Allen G. Fisher* and *Samuel L. O'Brien, contra.*

Heard before MORRISSEY, C.J., DEAN, DAY and GOOD, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

This case arsises from a redistricting in Dawes county under chapter 243, Laws 1919, involving school districts called No. 80, D, and I. The following appears from the record and from agreement of counsel upon argument:

In the fall of 1919 the survey committee, composed of the county superintendent and two others, began redistricting in Dawes county, and proceeded to detach certain land and other property from old No. 80 and to divide the same between D and I, which were apparently being formed or restablished. Whether it had completed its work in this behalf by the 24th day of May, 1921, the record does not fully disclose. It seems doubtful. On the day last mentioned district No. 80 brought an injunction suit, No. 4749, against the committee, Edna E. Rincker, Fred A. Hood, and A. C. McLain, to enjoin them from disposing of its schoolhouse and from depleting its revenues by transferring said lands to the other districts. In its petition it alleged in detail that the committee had destroyed its boundaries, and would, if not restrained, strip it of its revenues, sell its property, and deprive its children of school

privileges. It alleged also that the committee had not proceeded according to law, and that what it was doing was not only illegal, but calculated to work irreparable injury to the district. It averred also in fitting terms that it was without adequate remedy at law. The suit was prosecuted to final determination, and on the 22d day of August, 1921, the court duly entered an order against the defendants permanently enjoining them —

" From the further doing of any of the acts affecting the scope or territorial limits of the plaintiff, school district No. 80, as it stood during the years of 1919 and 1920, theretofore, from in any manner interfering with the levying of taxes for school purposes in said school district during the years above mentioned, and from in any manner interfering with the disposition or sale of any of the personal property belonging to the plaintiff during the said years theretofore that plaintiff so existed as school district No. 80, or from any other act or the exercise of pretended authority that in any wise tends to diminish the territorial limits of said school district No. 80, as it existed during the years 1919, 1920, and the years theretofore or any other act that tends to impair or destroy the original school tax resources of plaintiff, and until the further order of this court."

In apparent disregard of the court's order, however, the county superintendent, county clerk, and county treasurer went ahead and were about to turn the tax money derived from said disputed lands over to districts D and I, when they were stopped by a contempt proceeding, in the course of which they seem to have promised obedience to the injunction and to have escaped punishment. This latter happened about the 4th day of May, 1922. At that time said officials, and possibly districts D and I by their proper officers, presented a motion and answer in said cause to set aside said order of injunction and to be allowed to litigate the subject-matter of the suit. This motion the court denied by written decree of the date last mentioned. The decree is as follows:

" This cause came on for hearing pursuant to notice of such hearing upon the application for conviction of the defendants for contempt of court by violation of decree and injunction given herein on August 22, 1921, Allen G. Fisher, Esq., appearing for said application, and Fred A. Crites, Esq., county attorney, for the defendants; and immediately before hearing the defendants presented their motion filed on this date with an answer tendered to vacate the decree and for leave to file said answer, and the court having heard the said motion and tendered answer, and showing in support thereof read, and counsel for plaintiff, doth overrule said motion and refuse to vacate said decree, to which defendants are allowed an exception."

Thereafter on the 18th day of September, 1922, school district D began an action against district No. 80 for the disputed lands and for the taxes to be derived therefrom, asking that No. 80 be enjoined from claiming said lands or said taxes and from interfering with its rights thereto, and asking also general equitable relief. The petition refers to the injunction granted in No. 4749, and states as follows in regard to the same: " During the year 1921, school district No. 80 was given a judgment against Edna E. Rincker, Fred A. Hood, and A. C. McLain, permanently enjoining them from interfering with the territory of said school district No. 80." But in connection with this it declares that school district D was not made a party to the suit in which such judgment was entered. It also alleges the steps taken to form district D, and avers that said district was a duly-organized school district in regular operation. District I intervened with a similar petition in its own behalf.

The defendant answered that all the matter pleaded in said petitions was pleaded in case No. 4749 and was therefore *res judicata;* that the action of the survey committee was not effective, because certain jurisdictional steps were not taken; and that subsequent to the entering of the permanent injunction the plaintiff and the intervener appeared in the case by application to set aside said injunction; also,

that their remedy, if any, was by *quo warranto*.    The following is from the answer:

" And this defendant says further that afterward, on May 4, 1922, in the said cause and court, the plaintiff school district D by its moderator and other officers, and the intervening school District I by its moderator and officers appeared by the said Edna E. Rincker, Fred A. Hood, and A. C. McLain, the district survey committee of said county, and tendered in said cause and court their verified answer to the petition for injunction and offered proof, the county attorney appearing for the defendants in said action and school district D and school district I, and the said Frederick S. Baird, as moderator and attorney, also appeared and argued, and the facts pleaded in their tendered answer, whereof proof was offered to the said court, are the identical same facts and acts and allegations and language which are set out in the petition and intervening petition herein; nevertheless this court, having heard all the facts and all the allegations which are now tendered in this cause in behalf of school district D and school district I, refused to vacate the said decree, and by its judgment then duly given continued the same in full force, and this defendant says that by reason of the premises there was an absolute, full and entire adjudication against the plaintiff herein and against the intervener herein which is yet in full force and effect in favor of this defendant."

The defendant also alleged failure on the part of the county superintendent to correct her records as she had promised to do in the contempt proceeding, and consequent misdistribution of the disputed taxes on the books of the county clerk and treasurer; that the judgment in No. 4749 ought to be extended against Oscar Johnson and Belle Quinn, present county clerk and county treasurer, respectively, on the ground that districts D and I were privy to the order made therein, etc.    It concludes its answer with a prayer for the latter, for the dismissal of the plaintiff's petition, for an accounting of tax moneys, and for general equitable relief.

To this answer no reply was filed or made.

The case came on for trial February 18, 1924, and on the same day the court rendered decree as follows, to-wit:

" No. 4977.   In the district court of Dawes county, Nebraska.

" School District D, Plaintiff, v. School District Number 80, Oscar Johnson, County Clerk, substitu⸱⸱⸱ ᴵ as defendant for Roll G. Smith; Belle Quinn as County Treasure⸱ ⸱ᴵbstituted as defendant for Fred Neeland, Defendants.   School District I, Intervener.

" On this 18th day of February, A. D., 1924, comes the plaintiff and intervener by G. T. H. Babcock, Esq., and F. S. Baird, Esq., its attorneys, and comes the defendant school district No. 80 by Allen G. Fisher, Esq., and S. L. O'Brien, Esq., its attorneys, and the cause is brought on for hearing upon the petition of plaintiff and the petition of intervention and the answer under which pleadings each party tenders evidence, but upon due consideration of the said pleadings and the statements of counsel for each party the court finds that the former adjudication set out in the petition and answer may not be interfered with nor set aside in this action, and that a court of equity has not power by injunction to vacate its former injunction in cause No. 4749 in this court, and that the parties have the right to have the present incumbents, county clerk and county treasurer, substituted as defendants, they having appeared herein.

" It is therefore considered, adjudged and decreed that the petition of plaintiff and the petition of intervention be and each is hereby dismissed, and the defendant school district No. 80 go hence without day as to said petitions, and upon the cross-petition of the defendant it is again ordered that the injunction against the county treasurer and county clerk given on August 22, 1921, be and continue in full force and be obeyed.   To the judgment of dismissal herein, the plaintiff and intervener each excepts.

" By the Court:   W. H. Westover, Judge.

" Filed Feby. 18, 1924."

School District D v. School District No. 80.

It is this decree from which the appeal is taken. A bill of exceptions was settled and filed. It is a part of the record. It contains only the petition and affidavit for injunction in said first injunction case, No. 4749, together with the restraining order and permanent injunction granted therein.

Apellants present 16 assignments of error in their brief. They may be reduced in number and summarized as follows: The court erred (1) in receiving in evidence the pleadings and decree in No. 4749; (2) in holding that the matter of this case is *res judicata* by the decree of No. 4749; (3) in holding that the petition in No. 4749 states a cause of action and in granting an injunction therein, the fact being that such an order would be void for want of jurisdiction; (4) in failing to take testimony and to decide the case thereon; (5) in holding that the court had no power to vacate a former injunction by injunction; (6) in ordering the injunction in No. 4749 applied to the county clerk and treasurer when they were not parties to the suit; (7) in allowing the injunction in No. 4749 when it appeared from the petition that districts D and I were at least *de facto* organizations, and that *quo warranto* was alone the form of action by which their legality could be tested.

Of course, if the court was without jurisdiction in the first case, the decree entered therein was void and could not operate as an adjudication of the issue raised in the second case. It would seem from *Dappen v. Weber,* 106 Neb. 812, that *quo warranto* is the proper action whereby to test the legal entity of a school district and the status of its officers. But, conceding this, it is to be observed that in the instant case the court may have properly found and concluded that the bodies in question, D and I, were only districts in the making, merely school districts in contemplation, as distinguished from school districts in being. The petition in No. 4749 so indicated, referring to them as pretended school districts, or as bodies which the survey committee was attempting to establish and was pleased to

call school districts. There is a difference—and one which perhaps calls for another application of the rule—between an established district and one which is incomplete, when question is raised as to the district's entity, officials, and powers. There may be exceptions in a proper case.

Nor are we prepared to say that one school district may not employ injunction against another, or against a survey committee, to prevent an injury which is manifestly irreparable, such as the deprivation of school privileges to its children. In other words, the absence of an adequate remedy in *quo warranto* ought to open the door to equity. In the case at bar such a situation was presented. A *prima facie* case was alleged, but the defendant, though duly summoned, failed to attend, omitted to appear. The case is governed, we are inclined to think, by *Hilton v. Bachman,* 24 Neb. 490, and kindred cases, such as *Hough v. Stover,* 46 Neb. 588, and *Fraaman v. Fraaman,* 64 Neb. 472, in which it is held that a party to a proceeding in the district court, where such court has jurisdiction over the person and subject-matter, will be bound by the judgment in the case when collaterally attacking it, even though the judgment was irregularly or erroneously entered. A pleading of a case cognizable only in equity as a case at law, or a pleading of a case cognizable only at law as a case in equity, may be vulnerable to timely attack, but if it is unassailed the judgment rendered thereon will not be held void.

But, aside from this, it is clear that the first injunction suit which we are considering contained an averment respecting the sale of the plaintiff's schoolhouse, which could not come within the purview of the *Dappen* case, *supra,* and which entitled plaintiff to the interposition of equity. Now, if equity takes jurisdiction for one purpose, it will take it for all purposes. At least, it may do so in the discretion of the court. It commonly seeks to avoid multiplicity of suits. In *Fraaman v. Fraaman,* above cited, the court said: "Where a district court has acquired jurisdiction, it has the right to decide every question which

arises in the case, and its orders and judgments, however erroneous, cannot be collaterally assailed. Such errors can only be taken advantage of by proceedings in error or appeal to this court." The district court seems to have acted on this well-recognized principle, and to have adjudged the territorial limits of school district No. 80, as well as the other questions involved.

Coming now to the second suit, the case in which this appeal has been perfected, a careful consideration of the matter of it convinces us that it is the same old matter litigated in No. 4749. It will be remembered that in its answer the defendant district No. 80 alleged that districts D and I got into No. 4749 on motion and answer as to the merits, and were heard, with the result that the court refused to vacate the decree therein rendered, and that neither the plaintiff nor the intervener replied thereto. If, according to the recognized rule of pleading, these undenied allegations of the answer are to be taken as true— and it would seem that they should be, for appellant's statement that both parties treated them as denied finds no support in the record—the matter was *res judicata* as the trial court adjudged it. We so hold. A judgment acts as an absolute bar to a subsequent action based upon the same contentions, not only as to every matter offered to sustain or defeat said contentions, but also as to any other admissible matter which might have been offered for that purpose. *Slater v. Skirving,* 51 Neb. 108; *Orcutt v. McGinley,* 96 Neb. 619.

It would also seem, though we do not decide, that, although school districts D and I were not made party defendants in the first case, they should be held to be in privity with the defendant, the survey committee, and concluded by the terms of the decree in that case. This conclusion has additional weight because of the fact that their territorial limits, at least, depended upon the work of the survey committee which was interfered with and directed by the terms of said judgment.

It also appears from the facts hereinbefore recited that

the decree of the district court was right, for the reason that the remedy of school districts D and I, if any, was clearly by *quo warranto*. It was so held in the case of *Dappen v. Weber*, 106 Neb. 812, and in *Mosiman v. Weber*, 107 Neb. 737. The action for injunction chosen by the plaintiff and intervener was challenged in the pleadings. It was suggested by counsel upon argument that the trial judge stated that in his opinion the remedy of the plaintiff, supposing that *res judicata* were not in the case, would be by *quo warranto*. We have no doubt that this is true.

At first blush it might seem that the same doctrine which we here apply ought to have been applied by the court in the first injunction case; that the trial judge should have taken notice of the character of the complaint and of the proper action to be employed, and should, accordingly, have held that the action of injunction would not lie. But in that case the defendants, though in court, failed to make objection. In this one, as before stated, objection was seasonably made.

It is asserted by appellants that the trial court refused to receive any evidence in the case, but the record does not disclose that this is a justifiable contention. The decree of the court seems to indicate that each party tendered evidence, but it goes on to say that upon a due consideration of the pleadings and the statements of counsel for each party the court finds, etc. But the real showing of what evidence was offered and received must be found in the bill of exceptions and in the order of the court settling he same. From said order it appears that the defendant only offered evidence, and that evidence, being the pleadings and the orders of the court in the first injunction suit, appears in the bill. The court particularly states in his order that this was the only evidence received and the only evidence offered. If appellants failed to offer evidence, or if they did offer evidence, but failed to make a record thereof, they are without ground upon which to avail themselves of this contention.

It seems possible that upon a more extended and complete record than that which is filed in this cause, the case

might present a different aspect. It is quite evident that there was no well-presented defense to the contentions of school district No. 80. It is likely that a defense might have been urged. If it was meritorious and not urged, it is unfortunate. If school districts D and I or the survey committee had a defense, the failure of their representatives to appear in the first injunction case must be held responsible for their resulting dissatisfaction and possible loss. Parties who are served with summons in a lawsuit duly begun in the trial court can rarely disregard the proceedings therein without consequences both unpleasant and costly.

We have examined all of the authorities cited, and believe that there is nothing in the same which upon careful consideration is opposed to the views herein expressed. The judgment of the district court is

AFFIRMED.

Note—See Appeal and Error, 4 C. J. sec. 1661; Equity, 21 C. J. secs. 48, 117; Judgments, 34 C. J. secs. 810, 815, 831, 856, 1322—Quo Warranto, 32 Cyc. p. 1424.