DRAINAGE DISTRICT NO. 1, LINCOLN COUNTY, APPELLANT, V. VILLAGE OF HERSHEY, APPELLEE.

296 N. W. 879

FILED MARCH 14, 1941. No. 31003.

  *Beeler, Crosby & Baskins, Robert B. Crosby* and *Horace E. Crosby,* for appellant.

  *Mothersead & York, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, MESSMORE and YEAGER, JJ., and MEYER, District Judge.

MESSMORE, J.

This is a suit for judgment upon taxes assessed by Drainage District No. 1, in Lincoln county, Nebraska, against the village of Hershey. The drainage district (plaintiff) was organized in 1921, pursuant to and in accordance with chapter 19, art. 4, Rev. St. 1913, now chapter 31, art. 4, Comp. St. 1929. Plaintiff's petition alleged facts sufficient to show compliance with the foregoing statutes and to perfect the drainage district. The factual details therein need not be set out, but will be more fully covered in the opinion as occasion requires.

The petition alleges: The board of supervisors of the drainage district, in considering the engineer's reports, the estimated cost of improvements, and the classification of lands for assessment, decreed that there be assessed against the defendant the sum of $21,364.01 in benefits to the

streets and alleys. No objections were filed by defendant or appeal taken from this action of the board of supervisors, and said assessment benefits became final. The assessment benefits were filed with the county clerk as required by law, and bonds in the sum of $249,000 were duly issued and sold on the assessments so made. The petition alleged annual assessments from the years 1924 to 1934, inclusive, and in the years 1935 and 1936 no assessments were levied. In August, 1937, plaintiff purchased delinquent assessments, due from defendant, from the county treasurer on tax sale certificates. In November, 1937, plaintiff issued refunding bonds. In order to accomplish such refunding, the plaintiff was obligated to collect 20 per cent. of the original interest fund and all of the maintenance fund. The amount due from the defendant is $4,485.63, for which plaintiff prayed judgment.

The defendant's answer, so far as pertinent, alleged that the purported assessments made against the streets and alleys of defendant village were fraudulent and void, because all benefits to such privately owned tracts of land in the defendant village were assessed to such village, as well as the benefits to the streets and alleys. The reply alleged that all the reports and assessments made to the plaintiff were in writing; that no assessments were made of the privately owned lands in defendant village and that all assessments were properly made.

The trial court made the following finding, in substance: That the engineer, in making the survey and report, and the board of supervisors (or plaintiff), in making the assessments to lands lying within the village of Hershey (defendant), either estimated or measured the number of acres of land within the village and ascertained the length and breadth of the streets and alleys in the village, and then omitted to levy any benefit assessments upon such streets and alleys as would equal the number of units that they found should otherwise have been assessed to all the lands lying within the defendant village, including said streets and alleys. The court then found that this manner of assess-

ment was contrary to the method prescribed by statute and prejudicial to the rights of the defendant village, and declared the law to be that the action of the board of supervisors of plaintiff district, in levying assessments and benefits, when no appeal was taken, was binding and not subject to collateral attack, if the assessments were valid and not fraudulent; that such law did not apply if the assessments were for any reason void. The court further found that the method used by the plaintiff in making the assessments was such a departure from the method prescribed by law (Comp. St. 1929, ch. 31, art. 4) as to make the assessment against the defendant village void and render the assessment open to collateral attack. The court further found that it had no power to allow a partial recovery, and that there was no estoppel against the defendant from raising the question at this time; dismissed the plaintiff's petition at plaintiff's cost, without prejudice to the right of the plaintiff to reassess defendant's streets and alleys and the lands located in the village. The trial court reasoned that the judgment of the drainage district board was void, in that the engineer assessed benefits upon the whole acreage within the village and not alone for the benefit of the streets and alleys, and found that this matter affirmatively appeared in the record.

From the court's order and judgment plaintiff appeals and states the assignment of error as follows: That the trial court erred in finding that the assessments of the drainage district against the streets and alleys of the defendant village were void because not made as provided for by statute. Plaintiff's contention is that such assessments must be considered as a judgment. The evidence on the point herein involved is reflected by the record as follows:

Paragraph 68, on page 13 of the engineer's report (exhibit 6), is as follows: "The assessment of benefits to the village of Hershey has been based on the length of the streets and alleys. It has been found that there are 7.4 miles of streets in the village, which have been assessed at the rate of 9,000 units per mile; and 2.17 miles of alleys

which have been assessed at the rate of 2,000 units per mile. This gives a total assessment of 70,940 benefit assessment units against the village. This makes the assessment per acre within the corporate limits somewhat higher than for the farm lands, as it properly should be, as the land is used for a more valuable purpose than farm land."

The chief engineer for the plaintiff testified that, in making the assessment of benefits to the various tracts of land, he did not report any benefits against the individual lots and tracts of land within the corporate limits of defendant village; that he did recommend an assessment against the defendant village as such and took into consideration the fact that the individual lots were benefited, but did not make that fact the measure of the assessment. He further testified that the assessment against the streets and alleys in defendant village is more in the nature of a benefit to the town as a whole, while the assessment against the highway is made for a direct benefit to the road, and that the different classes of uses of streets and types thereof would require different assessment benefits; that the assessment against the defendant village was against the village as a whole, which includes everything in the village, and it was to divide the assessment as it saw fit. Exhibit 6, par. 68, *supra*. As to the assessment unit per acre within the corporate limits being somewhat higher than for farm lands, he testified that this referred to a total acreage within the corporate limits, including lots, streets and alleys; that he levied the assessment against the defendant village as a unit, the same as any other corporation, and against all of the taxable property therein, and intended the one assessment to cover the benefits to all classes of property within the village, excepting railroad, wire and canal lines. The foregoing evidence is not in dispute.

The result of this assessment required the owners of real estate in defendant village to pay in accordance with the assessed valuation and not the benefits received. While real estate was the only possible property that could be benefited by drainage, the general taxes to pay the assessment

would also be paid by owners of personal property. Obviously, the officials of the plaintiff, contrary to the express provisions of the statute, assessed against the defendant all benefits that they conceived should accrue to the town lots and real estate within the corporate limits of defendant village, even though such lots were not included within the boundaries of the drainage district.

Section 31-414, Comp. St. 1929, provides: "No assessment shall be made for benefits to any lands upon any other principle than that of benefits derived, but all assessments shall be made upon the basis of benefits derived and secured by reason of the construction of such improvements and works in affording drainage, or giving an outlet for drainage, protection from overflow, and damage from water."

Section 31-415, Comp. St. 1929, provides: "The benefits to public streets and highways, railroad property, right of way, and roadbed, shall be assessed according to the increased efficiency and value added thereto by reason of, and the protection derived from the aforesaid drainage works and improvements."

This court has held on a number of occasions: "All taxes for such improvements (public improvements, such as sewerage, and the rule likewise applies to a drainage district) must be levied on property specially benefited by the improvement, but no taxes for the improvement can be levied on property outside of the improvement district." *McCaffrey v. City of Omaha*, 91 Neb. 184, 135 N. W. 552. See, also, *Morse v. City of Omaha*, 67 Neb. 426, 93 N. W. 734; *Hanscom v. City of Omaha*, 11 Neb. 37, 7 N. W. 739. An assessment against land not benefited is absolutely void. See *City of Scottsbluff v. Acton*, 135 Neb. 636, 283 N. W. 374.

The instant case is not one where the board of supervisors of the drainage district erred in judgment, or the board decided according to its best judgment on conflicting evidence. It is an attempt to collect from defendant village for benefits to property not owned by defendant, not within the boundaries of the plaintiff district, and not subject to

assessment for the construction of the drainage contemplated,—obviously, a violation of the statutes heretofore cited, and under which the plaintiff district was organized, an act entirely beyond the statutory authority of the plaintiff. The action of the plaintiff's board of supervisors in making the assessments in the instant case resulted in a judgment void on its face, and it requires only an inspection of the record to demonstrate such fact. Its status is that of a mere nullity and, in legal effect, no judgment at all, conferring no right and affording no justification. 1 Freeman, Judgments (5th ed.) 642, sec. 322.

"It is a general rule of law that a judgment which is null and void is subject to collateral attack." 31 Am. Jur. 181, sec. 583. "A void judgment may be impeached in a collateral proceeding." 34 C. J. 510. "A void judgment is one that has merely the semblance of a judgment without some essential element or elements upon which its validity as such depends." 34 C. J. 509. The determination of a board of supervisors of a drainage district, levying or confirming a drainage assessment, is subject to collateral attack, where such assessment is absolutely void, as for fraud or demonstrable mistake of fact. See 19 C. J. 745. The assessment in the instant case is absolutely void and constitutes a demonstrable mistake of fact.

A demonstrable mistake of fact means a mistake of fact as to the existence of which there is no room for doubt. *State v. Board of Public Works of St. Paul,* 27 Minn. 442, 8 N. W. 161.

In *State v. District Court of Ramsey County,* 29 Minn. 62, 11 N. W. 133, which involved the same question as in the case last cited, the court held: "The determination of the board of public works as to what property is benefited, and the extent of such benefit, when made in accordance with * * * statutory requirements, is conclusive in the absence of fraud or mistake. But a determination, although honestly made, upon a rule of assessment other than that prescribed by statute * * * is not valid." The case was remanded and the assessment held void as not being in com-

pliance with the statute, and a proper subject of objection upon the application for judgment in the district court; that is, a demonstrable mistake of fact.

In the case of *County of Otter Tail v. Batchelder,* 47 Minn. 512, 50 N. W. 536, the rule is applied, although the case involved a general tax instead of special assessments. The court recognized the binding effect of an assessment made and unappealed from, and that, even though there be no actual fraud, a mistake can be of such a nature as to amount to fraud. The court said: "We go further, and hold, as was considered in respect to special assessments under a city charter in *State v. Board of Public Works of St. Paul,* 27 Minn. 442 (8 N. W. Rep. 161) and *State v. District Court of Ramsey County,* 29 Minn. 62 (11 N. W. Rep. 133), that, even though no intentional fraud be proved, it may be shown in defense that the error in the assessment was so gross that it cannot be accounted for upon any ground of mere misjudgment of value, but must have resulted, if not from fraud, from what in the case first cited above was called a 'demonstrable mistake of fact.' By proof of this nature it would be possible to show very clearly that there had really been no assessment of the property in question." The foregoing Minnesota cases remain the law in that state. See, also, *Hudlemyer v. Dickinson,* 143 Mich. 250, 258, 106 N. W. 885, 108 N. W. 1116.

For the reasons given in this opinion, the judgment of the trial court is

AFFIRMED.