STATE OF NEBRASKA EX REL. HERBERT RITTHALER, APPELLANT, V. EDGAR KNOX, SAUNDERS COUNTY SUPERINTENDENT OF SCHOOLS, APPELLEE.

351 N.W.2d 77

Filed June 29, 1984. No. 83-335.

Lawrence W. Stunkel, for appellant.

Loren L. Lindahl, Saunders County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Herbert Ritthaler (Ritthaler) appeals a summary judgment granted Edgar Knox, county superintendent of schools of Saunders County, Nebraska (Knox), whereby Ritthaler was denied a writ of mandamus. We affirm.

On September 28, 1981, Herbert Ritthaler, Mae

Ritthaler, Douglas Ritthaler, and Mary Ann Ritthaler (Ritthalers), pursuant to Neb. Rev. Stat. § 79-403 (Reissue 1981), obtained a judgment in the district court for Saunders County, Nebraska, permitting Ritthalers to transfer their real estate from school district No. 105 of Saunders County to school district No. 1 of Dodge and Washington Counties. The judgment in favor of Ritthalers provided in part that transfer of Ritthaler real estate was "subject only to the legal requirement that children of [Ritthalers] attend school in School District No. 1 in the fall term 1981." No one appealed that judgment entered in 1981.

A child of Ritthaler's tenant, residing on the transferred real estate at the effective date of the transfer, failed to attend school in district No. 1 but continued to attend school in district No. 105 in the fall term of 1981. On November 10, 1982, Ritthaler filed a petition for a writ of mandamus to compel Knox, as county superintendent, to "set aside" the court-ordered transfer of 1981. Ritthaler refers to one of the statutory requirements for transfer of real estate to another school district, § 79-403(1)(c), "that the land proposed to be attached [to another school district] has children of school age who have resided thereon with their parents or guardians for not less than forty days," and a further provision of § 79-403, "Failure of such children to attend a public school in the district to which the land is attached shall invalidate the transfer from the date of approval." According to Ritthaler, § 79-403 should be construed so that "children of school age" means any school-age children residing on the transferred real estate, and is not restricted to the children of the petitioners seeking transfer to another school district. Ritthaler concludes that a child's failure to attend school in the transferee district automatically invalidates transfer of real estate and that such invalidation necessitates a change of school district boundaries. See Neb. Rev. Stat. § 79-419 (Reissue 1981). How-

ever, Ritthaler does not assert that the 1981 judgment is void.

Where a judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement, the attack is a "collateral attack." *County of Douglas v. Feenan*, 146 Neb. 156, 18 N.W.2d 740 (1945); *State ex rel. Southeast Rural Fire P. Dist. v. Grossman*, 188 Neb. 424, 197 N.W.2d 398 (1972). Only a void judgment is subject to collateral attack. *Stanton v. Stanton*, 146 Neb. 71, 18 N.W.2d 654 (1945); *Davis Management, Inc. v. Sanitary & Improvement Dist. No. 276*, 204 Neb. 316, 282 N.W.2d 576 (1979).

It is well settled that where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *State ex rel. Southeast Rural Fire P. Dist.*, *supra*.

*Schilke v. School Dist. No. 107*, 207 Neb. 448, 451, 299 N.W.2d 527, 529-30 (1980).

"[A] party to a proceeding in the district court, where such court has jurisdiction over the person and subject-matter, will be bound by the judgment in the case when collaterally attacking it, even though the judgment was irregularly or erroneously entered." *School District D v. School District No. 80*, 112 Neb. 867, 874, 201 N.W. 964, 966 (1924). When a district court has acquired jurisdiction, it has the right to decide every question which arises in the case, and its judgment, even if erroneous, cannot be collaterally assailed. See *Fraaman v. Fraaman*, 64 Neb. 472, 90 N.W. 245 (1902).

The correctness of the district court's condition for an effective transfer of real estate under § 79-403 could have been raised in a timely appeal by Ritthaler after entry of the 1981 judgment. Irrespective of the procedural device or label assigned, Ritthaler's present suit is in essence an at-

tempt to question the propriety of the 1981 judgment and review the district court's construction of § 79-403. As an impermissible collateral attack on the 1981 judgment, Ritthaler's suit presents no genuine issue as to any material fact. The district court was correct in granting summary judgment to Knox. See Neb. Rev. Stat. § 25-1332 (Reissue 1979). The judgment of the district court is affirmed. In affirming we do not pass upon the correctness of the district court's construction placed on § 79-403, for that question is not before us.

AFFIRMED.