STATE OF NEBRASKA, APPELLEE, V. BRADLEY R. TUNENDER, APPELLANT.

548 N.W.2d 340

Filed May 21, 1996.   No. A–95–373.

John Jedlicka, Holt County Public Defender, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

SIEVERS, Chief Judge, and IRWIN and MUES, Judges.

MUES, Judge.
Bradley R. Tunender appeals a March 9, 1995, order of the district court finding that Tunender was a habitual criminal as defined in Neb. Rev. Stat. § 29-2221 (Cum. Supp. 1994) and enhancing Tunender's sentence upon his current conviction for the crime of assault by a confined person. Tunender alleges that the district court denied him an opportunity to assert *Boykin*-based challenges to the prior plea–based convictions relied upon in finding him a habitual criminal and thus used for enhancement of his sentence. Because Tunender appeals from the enhancement and sentencing hearing and did not appeal from the denial of his petitions for separate proceedings, we affirm.

## BACKGROUND
On July 21, 1994, an information was filed charging Tunender with violation of Neb. Rev. Stat. § 28-932 (Reissue 1995) and further alleging that Tunender had been twice convicted of a crime, sentenced, and committed to prison for terms of not less than 1 year each, referencing two Holt County convictions, the first being for burglary in 1988 and the second being for burglary and theft in 1991. On October 31, 1994, pursuant to a plea bargain arrangement, Tunender was allowed

to withdraw his prior plea of not guilty and to enter a plea of guilty, which plea was accepted, and he was adjudged guilty as charged. The enhancement hearing and sentencing were scheduled for March 9, 1995.

At some point prior to March 9, 1995, the exact date undisclosed by the record, Tunender filed "petitions for separate proceedings" in Holt County District Court case No. 18731, State of Nebraska v. Bradley Ray Tunender, and case No. 19256, State of Nebraska v. Bradley R. Tunender. These case numbers correspond, respectively, to the criminal proceedings resulting in the 1988 and 1991 convictions which Tunender sought to invalidate.

On March 9, 1995, two hearings were held in Holt County District Court. The first was on Tunender's petitions for separate proceedings, variably referred to as "petitions for separate relief." Tunender asked that the evidence offered at the hearing on these petitions be "considered" in two criminal proceedings then pending in Holt County District Court in which Tunender had been charged as a habitual criminal, including the matter now being appealed from. The district court, when hearing the petitions for separate relief, carefully noted: "We are not, of course, proceeding in an enhancement proceeding in either of those cases at this point in time. We would still get to that if I fail to grant the relief that [Tunender] is seeking in the petitions for separate relief." While our record does not contain the petitions which instituted the separate proceedings, the bill of exceptions includes the hearing held on the petitions. Arguments of counsel at the hearing disclose that the basis of Tunender's separate proceedings was that the 1988 and 1991 guilty–plea convictions from Holt County District Court were invalid under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981); and *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). The specific grounds upon which Tunender's counsel attacked the prior convictions were the failure of the record to disclose that the *Boykin–Tweedy–Irish* rights were again given to Tunender at the hearings where he entered his pleas of guilty and that the record failed to show he

had affirmatively waived each of the rights recognized in the *Boykin–Tweedy–Irish* trilogy.

Tunender offered evidence in support of his petitions, consisting primarily of various journal entries from each of the prior criminal proceedings. The State responded by offering transcripts from the arraignment and sentencing hearings in each of the past criminal proceedings. The district court denied and dismissed the petitions for separate relief in each of the cases. In doing so, the court stated:

> Insofar as the findings are concerned, I would determine that if I got to that point, both of these records clearly show that the defendant was advised of each of the rights which is raised by the petition for separate relief. As far as being advised of those rights, what they consist of, I find the record is absolutely clear that the court did so advise the defendant. The issue which is more troublesome is whether or not the defendant voluntarily and intelligently waived those rights. This court does not find, in the records [received as exhibits] that the defendant at any point expressly stated that he understood that by making the plea of guilty he was waiving those rights. Were it not for LeGrand v. State [3 Neb. App. 300, 527 N.W.2d 203 (1995)], this court would have to give serious consideration to the petition for separate relief, but because of LeGrand v. State, I'm not going to reach that point, and simply deny and dismiss the petitions for separate relief in each of the cases.

No written orders or trial docket notes dismissing Tunender's petitions for separate relief are included in the record on this appeal, apparently because, if entered, such entries were made not in the criminal proceedings now being appealed (case No. 19849), but, rather, in the "separate proceedings" filed in district court (case No. 18731 and case No. 19256). Moreover, while the substance of the exhibits offered by Tunender in support of his petitions for separate relief is before this court, the exhibits are here not in the form offered, but, rather, are included in multipage exhibits offered by the State in the enhancement proceedings held immediately following the court's oral dismissal of the petitions for separate relief.

The evidence offered at the enhancement hearing disclosed that at the time of Tunender's convictions in 1988 and 1991 he was represented by counsel. In the enhancement proceedings, Tunender's counsel again attempted to challenge the convictions' use for enhancement on *Boykin* grounds, arguing that if the Court of Appeals' decision in *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995), barred a *Boykin* challenge in separate proceedings,

> the only funnel left for one to assert your "Boykin Rights" and the federal rights that the Supreme Court of the United States has held are crucial is at this enhancement hearing. Otherwise . . . there is no way to assert the "Boykin Rights" which the Supreme Court has held are some of the most crucial and fundamental rights that we hold . . . .

The district court, while recognizing that the Nebraska Supreme Court "is the last word on those subjects," concluded that *LeGrand v. State* was "binding precedent" and rejected Tunender's argument that he should be allowed to raise his *Boykin*-based attacks at the enhancement proceedings. Concluding that Tunender had been twice convicted of a crime and twice sentenced and committed to prison for terms of not less than 1 year, the district court determined that he be deemed a habitual criminal for purposes of punishment. The court then proceeded to sentence Tunender on the assault charge (as well as in two other pending criminal proceedings which are not involved in this appeal), as enhanced under § 29-2221, to imprisonment for not less than 10 nor more than 20 years.

Tunender timely filed his notice of appeal from the district court's "judgement and [o]rder on sentencing" from his conviction for the crime of assault by a confined person.

## ASSIGNMENT OF ERROR

Tunender's sole assignment of error is that the district court denied him an opportunity to challenge his past convictions used for enhancement purposes in either a special proceeding or during the enhancement hearing.

## STANDARD OF REVIEW

■ Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial

court in a judgment under review. *State v. Conklin*, 249 Neb. 727, 545 N.W.2d 101 (1996).

■ A sentencing court's determination concerning the constitutional validity of a prior plea–based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Reimers*, 242 Neb. 704, 496 N.W.2d 518 (1993).

## DISCUSSION

Tunender contends that his 1988 and 1991 guilty–plea convictions were invalid under *Boykin v. Alabama, supra*; *State v. Tweedy, supra*; and *State v. Irish, supra*, and that the district court denied him the "opportunity" to challenge these convictions. As explained in *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), the U.S. Supreme Court delineated the requirements for a valid guilty–plea conviction in *Boykin* and further clarified the guilty–plea requirements in *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). "Nebraska has adopted the *Boykin* requirements and added to them [by the opinions in *Irish* and *Tweedy*]." *State v. Wiltshire*, 241 Neb. at 823, 491 N.W.2d at 328.

■ The Nebraska Supreme Court has long recognized the right of criminal defendants to challenge the use of constitutionally invalid convictions for sentence enhancement and in *State v. McGhee*, 184 Neb. 352, 167 N.W.2d 765 (1969), specifically allowed such challenge in the context of a habitual criminal proceeding. See, also, *State v. Wiltshire, supra*; *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983) (following *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), and *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980)).

Tunender does not challenge his prior convictions on the basis that they were uncounseled, but, rather, on the basis that they are unconstitutional because of failure to comply with the *Boykin–Tweedy–Irish* trilogy, and specifically that the record failed to affirmatively disclose that Tunender made a voluntary and intelligent waiver of his *Boykin* rights as expanded by *Irish*.

The procedural limitations on a defendant's ability to challenge prior convictions on *Boykin–Tweedy–Irish* grounds (intel-

ligent and voluntary plea) were clarified in *State v. Wiltshire,
supra*. In *Wiltshire*, the Supreme Court recognized that, like an
uncounseled guilty plea, an un–*Boykin*ized plea is also consti-
tutionally invalid and that a proffered enhancement conviction
based on an un–*Boykin*ized plea is constitutionally chal-
lengeable. Recognizing the clear right to challenge invalid
convictions, including one based upon an un–*Boykin*ized plea,
the court set about the task of clarifying the proper method for
leveling the challenge. In so doing, it recognized that there are
different "tiers" of challenges:

> Thus, the first tier of the *Oliver* [*State v. Oliver*, 230
> Neb. 864, 434 N.W.2d 293 (1989)] analysis deals with
> challenges raised *at the enhancement hearing*. We have
> stated, "Challenges to prior plea–based convictions for
> enhancement proceedings may only be made for the failure
> of the record to disclose whether the defendant had or
> waived counsel at the time the pleas were entered."
> [Citations omitted.] In other words, at the enhancement
> proceeding only those objections dealing with uncounseled
> pleas may be raised. . . .
>
> . . . .
>
> Enhancement evidence challenges that do not deal with
> lack of counsel, including *Boykin*–based challenges, fall in
> the second tier of the *Oliver* analysis: "[S]uch an issue
> may only be raised in a direct appeal or in a separate
> proceeding commenced for the express purpose of setting
> aside the judgment alleged to be invalid." 230 Neb. at
> 870, 434 N.W.2d at 298.

(Emphasis in original.) 241 Neb. at 826–27, 491 N.W.2d at
330.

Tunender's *Boykin*–based challenges to his 1988 and 1991
Holt County plea–based convictions were clearly of the "second
tier" type recognized in *Wiltshire*. While the pleadings insti-
tuting the separate proceedings are not before us, the bill of
exceptions from the March 9, 1995, hearing on the separate
proceedings leads us to surmise that they took the form of two
separate petitions, one filed in each of the old district court
criminal proceedings which resulted in the convictions
Tunender sought to invalidate. Specifically, at the March 9

hearing, the district court announced that the court was taking up "the petitions for separate proceedings" in case No. 18731 and case No. 19256. Case No. 18731 was the criminal case in which Tunender pled guilty and was sentenced in 1988. Case No. 19256 was the criminal proceeding in which Tunender pled guilty and was sentenced in 1991.

The separate proceedings utilized by Tunender were consistent with *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), and the Supreme Court predecessors to *Wiltshire*. See, e.g., *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989); *State v. Crane*, 240 Neb. 32, 480 N.W.2d 401 (1992); *State v. Tejral*, 240 Neb. 329, 482 N.W.2d 6 (1992). Moreover, although an issue not yet decided as of March 9, 1995, the venue of Tunender's separate proceedings, the Holt County District Court, was also correct. In *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), a decision which we will address in more detail later in this opinion, the Supreme Court clarified that the separate proceedings envisioned by *Wiltshire* to challenge a prior plea–based conviction on *Boykin* grounds "must be brought in the court which rendered the judgment, otherwise the records of one court would be under the control of other courts of coordinate jurisdiction." 249 Neb. at 7, 541 N.W.2d at 385.

The district court's rejection of Tunender's petitions in the separate proceedings was based on this court's decision in *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995). In *LeGrand v. State*, we concluded that based on two then-recent U.S. Supreme Court decisions, Nebraska was no longer compelled to allow "separate proceeding" attacks in enhancement proceedings as required by *State v. Wiltshire, supra*, and its predecessors. We concluded that it was impermissible to attack the validity of a prior conviction in an enhancement proceeding on any grounds, with the exception that challenges are allowed to prior plea–based convictions offered for enhancement purposes when based on the transcript's failure to disclose whether the defendant had or waived counsel at the time the pleas were entered and when the defendant was sentenced to imprisonment for any period of time as a result of the pleas. Our holding in *LeGrand v. State* supported the district

court's decision to deny and dismiss Tunender's petitions in his separate proceedings.

On December 22, 1995, the Nebraska Supreme Court rejected *LeGrand v. State* in *State v. LeGrand, supra*, and emphatically reaffirmed *State v. Oliver, supra*, and *State v. Wiltshire, supra*, concluding that "there exists no federal mandate to overrule separate state proceedings to collaterally attack prior state convictions on grounds other than right to counsel or waiver of counsel." 249 Neb. at 9, 541 N.W.2d at 386. The court went on to state:

> A defendant cannot collaterally attack a prior conviction in an enhancement proceeding. *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989). Therefore, objections to the validity of a prior conviction offered for the purpose of sentence enhancement, beyond the issue of whether the defendant had counsel or waived the right to counsel, constitute a collateral attack on the judgment, and must be raised either by a direct appeal from the prior conviction or in separate proceedings commenced expressly for the purpose of setting aside the prior conviction. *Id.* See, also, *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992).

249 Neb. at 8, 541 N.W.2d at 385.

Thus, the first question presented is what, if any, effect does *State v. LeGrand, supra*, have on this appeal?

*Separate Proceedings.*

At first blush, it might appear that *State v. LeGrand* mandates a reversal and remand with directions to the district court to address the substance of Tunender's separate proceedings for compliance with *Boykin–Tweedy–Irish*. As stated above, the court never reached the merits of this challenge in reliance upon *LeGrand v. State*. However, upon closer scrutiny, we conclude that we have no jurisdiction to address the district court's orders dismissing Tunender's petitions for separate proceedings.

■ Jurisdiction is a prerequisite for this court's consideration of an appeal, and jurisdiction cannot be acquired unless " 'the appellant has satisfied the requirements for appellate jurisdiction.' " *Metrejean v. Gunter*, 240 Neb. 166, 167, 481 N.W.2d 176, 177 (1992) (quoting *In re Interest of B.M.H.*, 233 Neb. 524, 446 N.W.2d 222 (1989)).

██ Tunender did not appeal from the district court orders denying and dismissing his petitions for separate proceedings. The present appeal is from the judgment and order of the court stemming from the enhancement and sentencing hearing in the *separate* criminal proceeding wherein Tunender was charged with assault by a confined person and being a habitual criminal. It is fundamental that for a party to preserve the right to appeal from a final order, that party must file a notice of appeal within 30 days of the order appealed from. Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1994). While Tunender timely appealed from the court's sentencing order of March 9, 1995, in the criminal proceeding, he did not appeal from the district court's orders dismissing his petitions in the separate proceedings. Timeliness of an appeal is jurisdictional. *State v. McCormick and Hall*, 246 Neb. 271, 518 N.W.2d 133 (1994).

██ The record before us contains the court's written judgment and order entered in the criminal proceeding finding that enhancement was proper and sentencing Tunender. As stated above, the record also contains the court's oral pronouncement dismissing Tunender's separate proceedings. Rendition of judgment occurs when the court makes an oral pronouncement and accompanies that pronouncement with a notation on the trial docket. Failing a notation on the trial docket, a judgment is rendered when some written notation of the judgment is filed in the records of the court. *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994). Entry of a judgment is the act of the clerk in spreading on the court's journal both the proceedings had and the relief granted or denied. *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995). We have no trial docket, written court orders, or court journals pertaining to the separate proceedings. Thus, the record is not clear that a final order or judgment of dismissal was ever rendered or entered in the separate proceedings. What is clear is that no such final order or judgment is in our record.

██ A transcript on appeal which does not contain a final order or judgment presents nothing for review. *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 416 N.W.2d 216 (1987). To obtain a review by this court, the transcript on appeal must

contain the judgment, decree, or final order sought to be reversed, vacated, or modified. *Id.*

Because of the Supreme Court's decision in *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), it now turns out that Tunender's petitions for separate relief should not have been summarily dismissed. While it is true that Tunender's sentence would not have been enhanced had the separate proceedings been successful, an issue we do not decide, we are not at liberty to reverse an order not appealed from. This is unlike the situation in *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992). Like Tunender, Wiltshire levied a two-pronged attack, one at his enhancement hearing and one by separate proceedings, but Wiltshire, unlike Tunender, appealed *both* orders.

The procedure in Nebraska for challenging prior plea-based convictions for enhancement proceedings has gradually developed on a case-by-case basis. After *State v. LeGrand*, there can be no legitimate question about the right of a criminal defendant to attack prior plea-based state convictions on grounds in addition to whether the defendant had counsel or had waived the right to counsel. Neither can the procedural viability of separate proceedings in which to assert such "noncounsel" challenges be questioned. However, the Supreme Court has consistently stated the necessity and importance of keeping such challenges *separate* from the criminal enhancement and sentencing hearing proceedings, because they are collateral attacks on prior judgments. See, *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989); *State v. Crane*, 240 Neb. 32, 480 N.W.2d 401 (1992); *State v. Tejral*, 240 Neb. 329, 482 N.W.2d 6 (1992); *State v. Wiltshire, supra*; *State v. LeGrand, supra*.

Tunender properly utilized separate proceedings to level his challenge, and the district court assiduously maintained those proceedings separate and distinct from the enhancement and sentencing hearing. On appeal, we are no less compelled to treat them as separate. To view them as but really only "one" for purposes of this appeal would not only ignore fundamental precepts of appellate practice, but it would blur the otherwise bright boundary line between these proceedings which the Supreme Court has carefully drawn, repeatedly enforced, and

recently reaffirmed. No appeal having been taken from the dismissal of Tunender's petitions for separate proceedings, we lack the necessary jurisdiction to further address the district court's refusal to consider the challenges made in them.

*Enhancement Hearing.*

Tunender also argues that since he was denied the right to present his *Boykin* challenges at the separate proceedings, the district court erred in not entertaining them at the enhancement hearing held in the criminal proceeding. Since Tunender timely appealed from the enhanced sentence in the criminal proceeding, we have appellate jurisdiction over this aspect of his assignment of error.

The district court's stated reason for rejecting this argument was, again, in reliance upon *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995), which, as stated above, concluded that allowing such challenges was no longer constitutionally mandated at any "tier." While *State v. LeGrand* found that our conclusion was incorrect, the result reached by the district court—rejecting such challenge at the enhancement hearing—was correct for other reasons.

Long before our decision in *LeGrand v. State, supra*, it was the rule in this state that to prove a prior conviction for enhancement purposes, the State need only show that at the time of the prior conviction the defendant had, or waived, counsel. *State v. Oliver, supra*; *State v. Wiltshire, supra* (concluding that enhancement evidence challenges that do not deal with lack of counsel, including *Boykin*-based challenges, rise to level of collateral attack on prior convictions, fall in second tier of *Oliver* analysis, and may only be raised in direct appeal or in separate proceeding). *State v. LeGrand, supra*, reaffirmed the rule that a defendant cannot collaterally attack a prior conviction in an enhancement proceeding.

Tunender's challenges are *Boykin*-based and are beyond the issue of whether he had or waived counsel in the prior convictions. Thus, they are within the second tier of *Oliver*, are collateral attacks on prior convictions, and were impermissible in the enhancement proceeding. The district court correctly, albeit on incorrect grounds, rejected Tunender's *Boykin*-based challenges in the enhancement proceeding.

## CONCLUSION

Because Tunender did not appeal the dismissal of his petitions in the separate proceedings, we are without authority to address the district court's denial and dismissal of those petitions. The district court did not err in rejecting Tunender's *Boykin*-based challenges at the enhancement proceeding.

AFFIRMED.