STATE OF NEBRASKA, APPELLEE, V.
CAROL A. MITCHELL, APPELLANT.

600 N.W. 2d 497

Filed September 7, 1999. No. A-98-1104.

Sam Houston, of Feller & Teichman, P.C., for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HANNON, MUES, and CARLSON, Judges.

MUES, Judge.

## INTRODUCTION

Carol A. Mitchell appeals a September 18, 1998, order of the district court affirming the judgment and conviction of the county court which found Mitchell guilty of third-offense driving under the influence of alcoholic liquor (DUI) and sentenced her to 6 months in jail, a $500 fine, and a 15-year license suspension. Mitchell alleges the district court erred in upholding the county court's overruling of her two separate petitions to invalidate prior convictions when there was no record to support that she had been advised of her *Boykin*-based constitutional rights and had affirmatively waived those rights. See *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Because Mitchell appeals only from the district court's order on appeal from the county court in the third-offense DUI proceedings and did not timely appeal to the district court from the county court denial of her petitions in the separate proceedings, we affirm.

## BACKGROUND

On September 26, 1997, a complaint was filed in county court charging Mitchell with third-offense DUI in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993). The complaint alleged that Mitchell had been convicted of DUI on two previous occasions. On January 5, 1998, Mitchell pled no contest to the underlying charge of DUI. She thereafter filed petitions in the two separate DUI proceedings, in the same county court, seeking to invalidate the prior convictions the State was relying on for purposes of enhancement. Mitchell based her separate proceedings on the ground that she was not given a full advisement and affirmative waiver of her constitutional rights under *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997). These motions were overruled in the county court on March 16. On March 30, in the third-offense proceeding, the county court enhanced Mitchell's present DUI to a third offense based on the two prior convictions, sentenced

Mitchell to a $500 fine and 6 months in jail, and suspended her driving privileges for 15 years for third-offense DUI. Mitchell filed a notice of appeal in the third-offense proceeding on March 30. On April 27, Mitchell filed her statement of errors in that appeal, case No. 10438, which alleged that the county court erred in finding that her two prior convictions were valid for purposes of enhancement. Also on April 27, Mitchell filed a notice of appeal in each of the two separate county court proceedings seeking to reverse the county court order of March 16 entered in those separate proceedings which denied Mitchell the relief she sought. On April 30, Mitchell filed a motion to consolidate all three of the cases in district court. That order was granted on June 17, with case No. 10447 being assigned to the cases as consolidated.

In district court, a hearing was held on the cases as consolidated on July 7, 1998. Our record contains an order in case No. 10438, wherein the district court affirmed the judgment and conviction of the county court on the third DUI proceeding filed on September 18. Mitchell timely appeals that order.

## ASSIGNMENT OF ERROR

As summarized, Mitchell alleges that the district court erred in using her two prior convictions to enhance her DUI to third offense when those prior convictions do not comply with her *Boykin* rights.

## STANDARD OF REVIEW

A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Tunender*, 4 Neb. App. 680, 548 N.W.2d 340 (1996).

## ANALYSIS

Mitchell alleges that her prior convictions are invalid under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), *State v. Hays, supra*, and *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). The U.S. Supreme Court delineated the requirements for a valid guilty-plea conviction in

*Boykin* and further clarified the guilty-plea requirements in *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). Nebraska has adopted the *Boykin* requirements, which consist of an express and knowing waiver of at least the three following constitutional rights, of which waiver cannot be presumed: the privilege against self-incrimination, the right to confront witnesses, and the right to a jury trial. See *State v. Hays, supra*.

██ Criminal defendants have the right to challenge the use of constitutionally invalid convictions for sentence enhancement in the context of a habitual criminal proceeding. *State v. Tunender, supra*. However, jurisdiction is a prerequisite for an appellate court's consideration of an appeal, and jurisdiction cannot be acquired unless the appellant has satisfied the requirements for appellate jurisdiction. *Id*. Neb. Rev. Stat. § 25-2729 (Reissue 1995) requires that a party, in order to perfect an appeal from county court to district court, must file a notice of appeal within 30 days of the final order. Although Mitchell's appeal to district court of her conviction for the third DUI was timely, she did not file her appeal from the March 16, 1998, county court orders in the separate proceedings denying her petitions for separate relief until 42 days after the county court's orders. Although all three of these cases were later consolidated for appeal purposes by the district court, such a consolidation order does not magically convert the two untimely appeals into timely ones.

██ It is fundamental that for a party to preserve the right to appeal from a final order, that party must file a notice of appeal within 30 days of the order appealed from. *State v. Tunender, supra*. Timeliness of an appeal is jurisdictional. *Id*. When a lower court does not gain jurisdiction over the case before it, an appellate court also lacks the jurisdiction to review the merits of the claim. *Schmidt v. State*, 255 Neb. 551, 586 N.W.2d 148 (1998). The district court had no jurisdiction over the appeals in the separate proceedings. Therefore, neither do we. Moreover, although unnecessary to our decision, we note that it is questionable whether Mitchell has even appealed to this court from the district court's orders affirming the county court's decision in the separate proceedings. Rather, by reference to the case

numbers assigned in the separate district court appeals, Mitchell's appeal to this court is only from the district court order entered in the appeal of the third DUI, district court case No. 10438, not the consolidated appeal, case No. 10447.

Based on the foregoing, we conclude that the only appeal properly before us is from the September 18, 1998, district court order affirming Mitchell's sentencing for third-offense DUI.

To prove a prior conviction for enhancement purposes, the State need only show that at the time of the prior conviction, the defendant had, or waived, counsel. *State v. Tunender*, 4 Neb. App. 680, 548 N.W.2d 340 (1996). At the sentencing hearing, the State submitted exhibits 2 and 3, which were received by the court. Those documents prove that Mitchell has been convicted of DUI on two prior occasions and that she had, or waived, counsel in both of those prior proceedings. As such, we affirm the order of the district court which affirmed the judgment and sentence of the county court for third-offense DUI.

## CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.